

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Superseded by *Act 29d V, C. S*

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. 0-4806
Re: Salary of county superintendent
of Bowie County, Texas

  Your request for opinion concerning the salary of the county superintendent of Bowie County has been received and carefully considered by this department. We quote from the superintendent's letter to you as follows:

  "There is some question as to whether my salary as County Superintendent of Bowie County should be $3,400.00 per year, or $3,600.00 per year. This question arises because of a supplementary census which was taken in Bowie County during the period of February 20 to February 26, 1942. This supplementary census was taken under Article 2816A, Section One, of the Revised Civil Statutes of Texas. On February 27, Mr. John Olsen, Director of Census, State Department of Education, came to Bowie County and checked this supplementary census as taken by the various school districts. He approved for the various school districts of Bowie County, affected by the increase in scholastics due to the location of the two ordnance plants in this county, 3,040 scholastics. These additional scholastics added to the original enumeration of 13,021 scholastics taken in March of 1941 made a total of 16,061 scholastics. The Bowie County School Board in regular session on March 13, revised the county administration 1942 budget so as to include

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. D. Looney, Page 2

an additional $200.00 for the salary of the County Superintendent. The question has arisen as to whether this will be a legal expenditure.

"The superintendent's salary is set under Article 2700.1, Section One, of the Revised Civil Statutes of Texas. Under the original enumeration of 13,021 scholastics the salary was $3,400.00. I believe, and the County Board of Bowie County concurs in this belief, that the 3,040 scholastics on the supplementary census should be counted in the population of Bowie County just as if though they were taken originally in March of the preceding year. If this is correct then the salary could be set at $3,600.00. This has been done.

"The point has been raised that this is a means of providing money for districts in distress because of the increase in scholastics due to defense plants, and it is also contended that this money must be spent under a budget prepared through the State Department of Education. This is correct, but in this case no money whatsoever, is required as an assessment against the 3,040 children who were taken on the supplementary census. The county administration budget for 1941-1942 will have a balance of $127.38 after this increase has been taken care of. The amount of the county administration budget was raised by making an assessment of 55¢ per scholastic on the original census roll of 13,021. This was done under Article 2827A of the Revised Civil Statutes of Texas. You can see from this that none of the money allocated for these pupils enumerated in the supplementary census will be in any way affected by the salary of the county superintendent.

"In order that we might have definite information in regard to this matter the County Board is asking you to secure an Attorney General's opinion upon this matter."

Article 2700-1, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

Honorable J. D. Looney, Page 3

"Section 1. The elective County Superin-
tendents shall receive from the Available School
Fund of their respective counties annual sala-
ries based on the scholastic population of such
counties as follows:

| "Population | Amount |
|---|---|
| " . . . . | . . . . |
| "12,001 to 15,000 | 3,400.00 |
| "15,001 to 30,000 | 3,600.00 |
| " . . . . | . . . . |

"In making the annual budget for County Ad-
ministration expenses the County School Trustees
shall make allowance out of the State Available School
Fund for salary and expenses of the office of the
County Superintendent and the same shall be deter-
mined by the resident scholastic population of the
county. It shall be the duty of the County Board
of Trustees to file the budget for county administra-
tration expense with the State Department of Educa-
tion on or before September first of each scholas-
tic year, the budget to be approved and certified
to by the President of the County Board of Educa-
tion and attested to by the County Superintendent.
The compensation herein provided for shall be paid
monthly upon the order of the County School Trus-
tees; provided that the salary for the month of
September shall not be paid until the County
Superintendent presents a receipt from the State
Superintendent showing that he has made all reports
required of him. . . . ."

Article 2816a, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"Section 1. It is hereby provided that in
cases of unusual increase of scholastic popu-
lation of any school district caused by the
location therein or adjacent thereto of camps,
reservations, building or dam projects spon-
sored by Federal Government or State Government
ownership and whose creation results in an un-
usual increase in scholastic population in a
school district upon the certified request of
the county superintendent of the county in
which such an unusual increase exists, the

State Superintendent of Public Instruction, at district expense, shall require a supplemental scholastic census to be taken of the district involved. In the event that the census herein authorized shows a substantial increase in scholastic population, the State Superintendent of Public Instruction may approve a supplemental census roll, adding the names of additional eligible scholastics to the rolls of the districts. Said supplement of the scholastic census roll shall be considered a part of the original census as if it were taken in the last preceding month of March of the school year and the scholastic apportionment shall be paid in accordance with said scholastic population. Provided further that such supplemental census shall be taken not later than March 15 of any fiscal year, and shall include only such scholastics that are enrolled and are in actual attendance; provided that for the year 1940-1941 said supplemental census will be permitted until April 22, and no adjustment in scholastic apportionment in a district entitled thereto shall be in an amount more than that necessary for the additional expenditures needed to care for the needs of such districts and which shall be approved by the State Department of Education.

"Sec. 2. Only one supplemental census annually in any one district shall be authorized by the State Superintendent." (Emphasis ours)

We assume from your letter that the supplemental census roll and amended budget have been approved as the statutes provide. Upon that assumption and under the facts stated, it is our opinion that the county superintendent's salary should be $3,600.00 per annum and that the $200.00 increase is lawful and proper.

APPROVED 3 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WJF:GO